[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Ralion Corporation, alleges that Telentry Systems, Inc. ("Telentry"), which is not a party to the present litigation has defaulted on its obligations under a lease agreement and that the defendant, James Gershman, is liable to the plaintiff for damages arising from the default under the terms of a written guaranty agreement executed by the defendant on or about August 25, 1985. CT Page 8195
The defendant has moved to disqualify Attorney David M. Wallman from further representation of the plaintiff on the grounds that a "confidential relationship" existed between Attorney Wallman and the defendant and Telentry arising out of the facts hereinafter set forth.
The affidavit filed by the defendant states that he was chairman of Telentry and that, in or about 1984, Thomas Payne ("Payne") was hired as President of Telentry. As a condition of Payne's employment it was agreed that a position would be found for Payne's wife, Barbara Payne, as an attorney in the State of Connecticut. After several attempts to secure a position for Barbara Payne proved unsuccessful, it was agreed that attorney Wallman would hire Barbara Payne as an associate in his office if Telentry would pay Attorney Wellman a sum of money to be used, in part, to pay Barbara Payne's salary. The affidavit of the defendant further states that in 1984 and 1985 funds were drawn from either the defendant's personal account or from the account of Telentry and paid to Attorney Wallman for the purposes herein before set forth. When it no longer became possible for Telentry or the defendant to make such payments in late 1984 and again in 1985, Payne continued to make such payments.
The affidavit filed by Attorney Wallman states that in approximately the Summer of 1985 he was contacted with respect to engaging Barbara Payne as an associate in his office with the understanding that he would be reimbursed for her salary by Telentry. Barbara Payne was then hired as an associate in the office of Attorney Wallman for approximately two years, and Attorney Wellman was reimbursed by Telentry for her salary for only two quarters of a year.
The affidavit of Attorney Wellman also states that he never acted as an attorney for either Telentry or the defendant that he was never consulted by either of them with respect to any legal matter; and that no attorney-client relationship ever existed between himself and Telentry or between himself and the defendant.
There is, likewise, no claim by the defendant that an attorney-client relationship existed between himself and Attorney Wallman or between Telentry and Attorney Wallman. Similarly, there is no claim by the defendant that Attorney Wallman ever represented the plaintiff prior to the institution of the present litigation in 1990. There is also no claim by the defendant that any attorney-client relationship existed between himself or Telentry and Barbara Payne or that Attorney Wallman received, or was in a position to receive as an attorney, any confidential information from the defendant CT Page 8196 relevant to the present litigation
Based upon the foregoing, the defendant claims that Wallman is disqualified to act as the attorney for the plaintiff by virtue of Rules 1.7, 1.8 and 1.16 of the Professional Rules of Conduct.
Since an attorney-client relationship never existed between Attorney Wallman and the defendant or Telentry, there exists no conflict of interest sufficient to activate the application of Rule 1.7 or 1.8 of the Rules of Professional Conduct. Similarly, there are no facts asserted which give rise to the application of Rule 1.16 of the Rules of Professional Conduct.
The plaintiff has the right to a free choice of counsel and accordingly, the motion to disqualify is denied. See State v. Bunkley, 202 Conn. 629, 652 (1989); Knights of Columbus Federal Credit Union v. Salisbury, 3 Conn. App. 201, 204-206
(1985.
RUSH, J.